**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LYNN ELIZABETH SOLACK,

    Plaintiff,

v.                                                                            Case No. 16-13862

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                                    /

**OPINION AND ORDER (1) OVERRULING DEFENDANT'S OBJECTION,
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
(3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, AND (4) DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Plaintiff Lynn Solack appeals from Defendant Commissioner of Social Security's decision denying her disability insurance benefits under the Social Security Act. *See* 42 U.S.C. § 405(g). Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") advising the court to deny Defendant's motion for summary judgment, grant in part Plaintiff's motion for summary judgment to the extent it seeks remand, deny in part the Plaintiff's motion for summary judgment to the extent it seeks an award of benefits, and remand the case to the Administrative Law Judge ("ALJ") for further proceedings consistent with the R&R. (Dkt. #12.) Defendant filed an objection. (Dkt. #14.) The court has determined that a hearing is unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Defendant's objection, adopt the R&R, and remand for further proceedings.

**I. STANDARD**

Where a party files timely objections to an R&R, the court is required to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *Gant v. Genco I, Inc.*, 274 F. App'x 429, 431–32 (6th Cir. 2008). The court then re-examines all evidence relevant to the objected-to portion of the R&R and determines whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (quoting *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991)).

**II. BACKGROUND**

The court recounts only those portions of this case that are relevant to its opinion.

According to the Commissioner's regulations, "disability" for the purpose of disability insurance benefits is determined through the application of a five-step sequential analysis. Step Three of that analysis asks, in part, whether the claimant has

2

a severe impairment that "meets a listed impairment" in the Commissioner's regulations. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

In February 2014, a state agency medical consultant opined that Plaintiff did not meet or medically equal Listing 1.02 in the Listing of Impairments. The ALJ, apparently relying on this opinion, found that Plaintiff did not meet or medically equal the specific criteria of any of the listed impairments.

After thoroughly reviewing the record, Judge Grand found that it contained substantial medical evidence, generated after the February 2014 opinion, that reasonably could have changed the medical consultant's opinion as to whether Plaintiff medically equals Listing 1.02A. In particular, subsequent evidence showed an apparent worsening in Plaintiff's condition. (*See* Dkt. #13 Pg. ID 591–92 (documenting evidence of a potential worsening).) Judge Grand therefore determined that the ALJ's conclusion in this case—that Plaintiff is not disabled under the terms of the Social Security Act—is not supported by substantial evidence. (*See* Dkt. #12.)

## III. DISCUSSION

Defendant raises one objection Judge Grand's R&R: that it ignores the ALJ's discretion to determine whether an updated opinion was necessary and disregards the ALJ's credibility findings. The court disagrees and will overrule the objection.

An ALJ "must obtain an updated medical opinion from a medical expert" when "additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency medical . . . consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." SSR 96-6p; *Courter v. Comm'r of Soc. Sec.,* 479 F. App'x 713, 723 (6th

3

Cir. 2012). The Commissioner has discretion to decide whether an updated decision is warranted. *Id.* Thus, where a Commissioner explicitly or implicitly decides "that the records would not change the opinions of the experts," no updated medical opinion is necessary. *Id.*

Here, Defendant argues that the ALJ implicitly decided that an updated medical opinion would not change the ALJ's conclusion. According to Defendant, "[t]he ALJ did not obtain an updated opinion during her analysis, which shows [that] the ALJ did not believe one was necessary." (Dkt. #14 Pg. ID 606.) But, as Judge Grand noted in the R&R, "where the ALJ made no mention of the documented worsening of Solack's condition after February of 2014—and, indeed, seemed to suggest there was no such deterioration—the [c]ourt simply cannot conclude that the ALJ 'implicitly' decided that this evidence would not have altered" the opinion as to medical equivalence. (Dkt. #12 Pg. ID 592.) Defendant has given the court no reason to depart from Judge Grand's conclusion.

Defendant also argues that the R&R ignores the ALJ's credibility determination as to Plaintiff's self-reported pain. (*See* Dkt. #14 Pg. ID 605–06.) But in considering the documented worsening of Plaintiff's condition, Judge Grand did not limit himself to Plaintiff's reported pain. Rather, Judge Grand pointed to subsequent evidence from Plaintiff's physician visits—including the use of a therapeutic nerve block for the first time in March 2014 and injections in Plaintiff's knees—that demonstrated the need for an updated medical opinion. It was on this basis that Judge Grand determined that "the record contains a substantial amount of medical evidence" that reasonably could have

4

changed the state agency medical consultant's opinion. Defendant's objection fails again to undermine this conclusion.

## IV. CONCLUSION

The court finds no merit to Defendant's objection, and sees no reason to depart from Judge Grand's well-reasoned R&R. Accordingly,

IT IS ORDERED that Defendant's objection (Dkt. #14) is OVERRULED and the Magistrate Judge's Report and Recommendation (Dkt. #12) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. #9) is GRANTED IN PART to the extent it seeks remand and DENIED IN PART to the extent it seeks an award of benefits.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. #11) is DENIED.

IT IS FURTHER ORDERED that pursuant to sentence four of 42 U.S.C. § 405(g), this case is REMANDED to the Commissioner for further proceedings consistent with the R&R.

                                              s/Robert H. Cleland                /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: March 20, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 20, 2018, by electronic and/or ordinary mail.

                                              s/Lisa Wagner                     /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522